```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION No. 2:18-00141

**ANTHONY FLEMING**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the defendant's <u>pro se</u> letter-form motion for compassionate release (ECF No. 49), filed February 25, 2021. On May 5, 2021, the defendant submitted additional documentation in support of his motion for compassionate release (ECF No. 51). Also pending is defendant's <u>pro se</u> Motion for Government to Respond (ECF No. 52), filed January 10, 2022.

I.   Background

On June 26, 2018, defendant Anthony Fleming ("Fleming") was charged in a three-count indictment with (I) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (II) possessing with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1); and (III) carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(4).

ECF No. 1. Fleming pled guilty to Counts II and III of the indictment on October 14, 2018. ECF No. 31; ECF No. 33.

On January 24, 2019, Fleming was sentenced to 120 months of imprisonment. ECF No. 44, at 2. The 120 month term consists of a mandatory minimum term of 60 months on Count II and a consecutive mandatory minimum term of 60 months on the Count III. Id.

According to the Bureau of Prisons, Fleming is incarcerated at USP Lee and his release date is September 14, 2026. BOP, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Jan. 24, 2022).

Fleming's motion for compassionate release submits that he has anxiety and "hap-c."[1] ECF No. 49, at 1. Additionally, he states that he has an 88-year-old grandmother and a 65-year-old father whom he wishes to assist. Id. Fleming's motion states that he has contracted COVID-19 while incarcerated, that he has served half of his sentence, and that he has attempted to participate in programming while incarcerated at USP Lee. Id. at 1–2. Finally, Fleming claims that he has "been trying to get [his] teeth" and says it is

---

[1] The court assumes this is Hepatitis-C.

2

"hard to eat" but has not been seen due to the COVID-19 pandemic. Id. at 2.[2]

In his May 5, 2021 supplemental letter, Fleming pleads that in addition to his grandmother and father's needs, his sister has terminal cancer, has a year to live and needs his assistance. ECF No. 51, at 1. In support of this claim, Fleming provides his sister's phone number and states that his sister will send her medical records upon the court's request. Id. at 2. Moreover, he avers that he has some medical needs, including that he needs to have his teeth "fixed" but that the BOP is "not doing that kind of work here at USP Lee." Id. at 1.

On January 10, 2022, Fleming filed a motion asking the court to issue an order requiring the government to show cause as to why his pending motion for compassionate release should not be granted. ECF No. 52. In this motion, Fleming asserts that his February 2021 motion requested release due to his sister's cancer and her lack of alternative caretaker. Id. at 1.[3] Fleming submits that "Dr. Ahmed of Logan General Hospital can verify" his sister's condition. Id. at 2.

---

[2] Fleming also avers that he has exhausted his administrative remedies by asking for compassionate release from the BOP.
[3] The court notes that the first mention of Fleming's sister is in his May 5, 2021 letter.

3

## II. Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), courts may reduce a term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction," and (2) release is consistent with the factors listed under 18 U.S.C. § 3553(a). "The district court enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

## III. Analysis

### A. Medical Claims

While the text of § 3582(c)(1) states that a reduction in sentence should be "consistent with applicable policy statements issued by the Sentencing Commission," the Fourth Circuit has made clear that as of now, "[t]here is ... no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020). "As a result, district courts are empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. Jenkins, 22 F.4th 162 (4th Cir. 2021) (internal citations and quotations omitted). Nevertheless, while "the Federal Sentencing

Guidelines § 1B1.13 are not directly applicable to defendant-filed motions pursuant to § 3582(c), the court may consider these guidelines in defining what should be considered an 'extraordinary and compelling circumstance' warranting a sentence reduction."  Id.

Pursuant to U.S.S.G. § 1B1.13, extraordinary and compelling circumstance may exist where "[t]he defendant is suffering from a terminal illness" or "[t]he defendant ... is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, cmt. application note 1(A).

To the extent Fleming's motions seek compassionate release due to his anxiety and Hepatitis-C, the court first notes that Fleming has not provided any documentation to support the existence of these conditions.  Second, the court finds that Fleming has failed to allege that his conditions are serious.  Similarly, his motions do not suggest that he has been unable to provide self-care while incarcerated.

Inasmuch Fleming has failed to plead that his conditions are serious, and to provide evidentiary support for the same, the court concludes that his claimed ailments, as pled, are insufficient grounds for compassionate release.

Regarding Fleming's claim that compassionate release is warranted due to his dental issues, the court finds that Fleming has failed to explain what his dental needs are, and thus the court is unable to assess the seriousness of his needs or condition.[4]

Accordingly, insofar as Fleming seeks compassionate release based on his medical conditions or medical care, he has failed to state extraordinary and compelling reasons warranting release, and his motion is denied.

B. Family Circumstances

Regarding Fleming's assertions that compassionate release is warranted due to his family circumstances, the court once again finds it prudent to look to the policy statements

---

[4]    Additionally, to the extent Fleming is claiming that the BOP is providing him with insufficient care, the court notes that an appropriate mechanism for a claim of inadequate medical care or a challenge to the conditions of one's confinement are a claim under <u>Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), or motion for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Any such action must be brought in the district in which Fleming is incarcerated.

contained within the United States Sentencing Guidelines for guidance. See Jenkins, 22 F.3th 162.

Section 1B1.13 provides that a defendant's "family circumstances," such as the incapacitation of the caregiver of the defendant's minor children or the incapacitation of the defendant's spouse, where no other caregiver is available, may be extraordinary or compelling reasons warranting compassionate release. U.S.S.G. § 1B1.13, cmt. application note 1(C).

Consistent with the Guidelines, courts in this circuit have consistently denied compassionate release based on this family circumstance where the defendant has failed to show that he or she is the only caregiver available. See United States v. Henriquez, No. 1:15-CR-225-1, 2021 WL 5771543 (M.D.N.C. Dec. 6, 2021) (collecting cases).

Similarly, courts are not inclined to grant release where the defendant has not alleged or provided evidence that the family member the defendant seeks to care for is truly incapacitated. See United States v. Allen, No. 4:13-CR-00024, 2021 WL 3025458 (W.D. Va. July 16, 2021) (finding defendant failed to allege that he is the only available caregiver for his mother or that she is incapacitated); United States v. Taylor, No. CR 3:15-00009, 2021 WL 1169898 (S.D.W. Va. Mar. 26, 2021) (finding defendant had not stated extraordinary and compelling

7

reasons for release when he failed to establish that the current caregiver of his children was truly "incapacitated").

Here, Fleming seeks release so that he can care for his grandmother, father, and, most recently, sister.  Regarding his grandmother and father, Fleming does not allege that they are seriously ill, incapacitated, or in serious need of a caregiver.

Similarly, while Fleming has claimed that his sister has terminal cancer and that he is the "only full time option & family member available at this moment" to assist her, he has failed to provide evidence of the same.[5]  Additionally, he has not alleged that his sister is incapacitated or even that she is in need of full-time care.

The court is not without sympathy for Fleming's claimed familial situation.  Nevertheless, the court finds that he has failed to state extraordinary and compelling reasons for release.

Inasmuch as Fleming has failed to establish extraordinary and compelling reasons under § 3582(c)(1)(A)(i),

---

[5]    To this end, the court notes that Fleming's assertion that the court can contact his sister and/or her physician is insufficient evidence of her condition.

8

the court need not analyze whether release is consistent with the § 3553(a) factors.

C. Motion for Government Response

Fleming's most recent motion asks the court to issue an order requiring the government to show cause as to why his motion for compassionate release should not be granted. ECF No. 52. Inasmuch as the court has concluded that Fleming's motion and supporting documentation do not state extraordinary and compelling grounds for compassionate release, the court finds that the government's response is not necessary. Accordingly, Fleming's motion for a show cause order is denied.[6]

IV. Conclusion

In light of the foregoing, the court ORDERS as follows:

(1) Fleming's pro se letter-form motion for compassionate release (ECF No. 49) be, and hereby is, denied; and

---

[6] In his motion for government response, Fleming states that a show cause order is required pursuant to "Rule 4(b)'s mandatory language." ECF No. 52, at 2. It is unclear as to which "Rule 4(b)" Fleming is referring; however, there is no governing rule that requires the court to order the government to respond to a motion for compassionate release.

    **(2)    Fleming's Motion for Government to Respond (ECF No. 52)**

        **be, and hereby is, denied.**

The Clerk is directed to transmit copies of this order to all counsel of record.

        ENTER: February 28, 2022

        _____
        John T. Copenhaver, Jr.
        Senior United States District Judge