UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 2:18-00141

ANTHONY FLEMING


MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to this court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments, entered on October 31, 2023, the court instituted review of the sentence in this matter upon its own motion to determine if the defendant is eligible for a reduction in his sentence based on 18 U.S.C. § 3582(c)(2) and a subsequent reduction in the applicable sentencing guideline.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points (additional criminal history points given for the fact of having committed the instant offense while under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (excluding status points) and eliminating status points for

those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

On October 24, 2018, the defendant plead guilty to Counts Two and Three of a three-count Indictment.  Count Two charged the defendant with possession with intent to distribute 5 grams or more of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), and Count Three charged carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). At the time of his original sentencing, the defendant had eight criminal history points, six points for prior criminal convictions, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence.  These two additional points are known as status points.  The defendant had a Total Offense Level of 23 and a Criminal History Category of IV for a Guideline range of 70 to 87 months as to Count Two, with a mandatory minimum of 60 months, and as to Count Three, the firearm offense, a mandatory minimum of 60 months to be served consecutively to Count Two. On January 24, 2019, the court imposed a downward variant

2

sentence of imprisonment of 60 months on Count Two, and a consecutive term of 60 months imprisonment on Count Three, to be followed by 5 years supervised release on each count to run concurrently with each other.

Following the retroactive amendment to the Guidelines, the defendant's status points would be eliminated, and his criminal history score is now six, which yields a lower Criminal History Category of III.  The new Criminal History Category of III with the Total Offense Level of 23, would result in an amended Guideline range of 57-71 months as to Count Two, except that the statutorily mandatory minimum of 60 months on Count Two limits the Guideline range to 60-71 months.  The 60-month mandatory consecutive sentence for Count Three, the firearm offense would remain unchanged.

The defendant is ineligible for a sentence reduction under Amendment 821 because he received a variant sentence of 60 months on Count Two which is already at the minimum of the amended guideline range of 60-71 months, and the mandatory minimum sentence for the firearm offense is not affected by the amendment.  Pursuant to U.S.S.G § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment ... to a

term that is less than the minimum of the amended guideline range."

Accordingly, it is ORDERED that relief pursuant to 18 U.S.C. §3582(c)(2) be, and it hereby is, DENIED, and the sentence imposed on January 24, 2019, and set forth in the Judgment Order entered on February 12, 2019, remains in effect.

The Court DIRECTS the Clerk to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:  June 3, 2024